# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

───────────

No. 01-1181WM

───────────

| | |
|---|---|
| Jana Wooten, | * |
| | * |
| Appellant, | * |
| | * On Appeal from the United |
| v. | * States District Court |
| | * for the Western District |
| | * of Missouri. |
| Pleasant Hope R-VI School District, | * |
| and Micki Stout, | * |
| | * |
| Appellees. | * |

───────────

Submitted: September 14, 2001

Filed: November 1, 2001

───────────

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and RILEY, Circuit
Judges.

───────────

RICHARD S. ARNOLD, Circuit Judge.

Jana Wooten appeals the District Court's[1] dismissal of her claims alleging harms caused by her expulsion from the Pleasant Hope High School girls' softball team. Ms. Wooten argues that her Fourteenth Amendment right to due process was

───────────

[1]The Hon. Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

violated because she was not given an adequate opportunity to challenge the coach's decision. Because a post-deprivation hearing is sufficient process in the context of extracurricular school activities, and because Ms. Wooten received this process in the instant case, we affirm the dismissal of her claims.

Ms. Wooten was in the 12th grade at Pleasant Hope High School at the time of her expulsion from the softball team. On Friday, September 25, 1998, she failed to appear at a scheduled game. She had given her coach no notice that she would be absent. After talking to the team, the coach, Micki Stout, announced to the players that Ms. Wooten was expelled from the softball program. The next morning, Ms.Wooten learned of her expulsion from an acquaintance. On Monday, Pleasant Hope's superintendent, principal, and coach, Ms. Stout, met with Ms. Wooten and her parents. At this meeting, the coach explained that she had expelled Ms. Wooten for being absent from a scheduled game without permission, and that she had been told by another player that Ms. Wooten was absent because she was attending another school's homecoming that evening. Ms. Wooten was given an opportunity to respond and share her viewpoint. She denied attending the homecoming, saying that she had been running an errand for her mother. However, she admitted to being absent without permission from the game. After this meeting, the School District upheld the coach's decision to expel Ms. Wooten from the team. Ms. Wooten did not play softball again at Pleasant Hope. Over a year later, Ms. Wooten brought this suit against the School District and the coach, Ms. Stout. The District Court dismissed her lawsuit for failure to state claims upon which relief can be granted.

Ms. Wooten's main argument on appeal is that her constitutional right to due process was violated when she was expelled from the team. To determine if a procedural due process violation exists, we must ask if a protected life, liberty, or property interest was at stake, and, if so, whether the process given was sufficient. Marler v. Missouri State Bd. of Optometry, 102 F.3d 1453, 1456 (8th Cir. 1996). Ms. Wooten believes that her right to participate in the softball team is a property interest

protected by the Due Process Clause of the Fourteenth Amendment. We do not find it necessary to reach that issue. Even assuming that plaintiff was deprived of a property interest, she received an adequate amount of process in light of the deprivation at issue.

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " Matthews v. Eldridge, 424 U.S. 319, 333 (1976) (citation omitted). The nature of this constitutional guarantee is flexible, however, and varies with the particular situation. Gilbert v. Homar, 520 U.S. 924 (1997). Here, Ms. Wooten was deprived of the right to participate in an extracurricular activity, softball. While the coach's decision was made without hearing from plaintiff first, the post-deprivation meeting held by the School District was sufficient to give Ms. Wooten a meaningful opportunity to respond. A post-deprivation hearing can be sufficient process. See id. at 930 (rejecting proposition that due process always requires a hearing before the deprivation.) The meeting was held on Monday, the first weekday following the game. This was the earliest reasonable date for a hearing. At that meeting, Ms. Wooten was informed of the reasons for the expulsion, and thereby given notice of the charges against her. Ms. Wooten also received an opportunity to be heard. She was allowed to confront her coach and explain her version of why she was absent to two key school administrators, the superintendent and the principal. In light of these facts, the due process claim must fail. Pleasant Hope School District gave her a meaningful opportunity to be heard, especially when we consider the nature of the interest involved.

The plaintiff also appeals the dismissal of her state-law claims. We agree with the District Court that her claims for defamation, violation of privacy, intentional infliction of emotional distress, and tort are without merit. We recognize that Ms. Wooten feels that she was wrongfully expelled from the softball team, but the law does not provide a remedy for every perceived harm. In this case, the District Court

was correct that, even when one views the facts in the light most favorable to Ms. Wooten, she failed to present claims that entitle her to legal relief.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.